## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **Gary Zdolshek,** *et al.*, | : | **Case No. 1:02CV2338** |
| | : | |
| **Plaintiffs,** | : | **JUDGE O'MALLEY** |
| | : | |
| v. | : | |
| | : | **MEMORANDUM & ORDER** |
| | : | |
| **Alston & Bird LLP,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

    The Court has been informed by the parties that several of the claims in this action have been resolved. Pursuant to the terms of the settlement, the plaintiffs and defendants Alston & Bird and Lynn Thorneburg have agreed to dismiss all claims currently pending between them. Plaintiffs have agreed to dismiss all claims against Alston & Bird and Lynn Thorneburg, as well as the claims against all other defendants, with prejudice. In turn, defendants Alston & Bird & Lynn Thorneburg have agreed to dismiss their counterclaim against the plaintiffs, as well as all claims against other parties for indemnity and contribution, with prejudice.

    Accordingly, the plaintiffs' claims against defendants Alston & Bird, Thorneburg, CT and Wall are <u>dismissed with prejudice</u>, and the counterclaim by defendants Alston & Bird and Thorneburg

against the plaintiffs also is <u>dismissed with prejudice</u>.  Similarly, the third-party complaint by Alston & Bird and Thorneburg against Eric Esancy for indemnity and contribution, as well as the cross-claim against defendant Karl Wall for indemnity and contribution, are <u>dismissed with prejudice</u>.  To the extent that Alston & Bird's amended cross-claims against defendant Commissions Today assert claims for indemnity and contribution, those claims also are <u>dismissed with prejudice</u>.  Finally, since Karl Wall and Commissions Today have been dismissed from this action with prejudice without payment of any funds, those parties have no claims for indemnity or contribution, and the indemnity and contribution claims by those parties arising from the federal securities laws are <u>dismissed with prejudice</u>.[1]

Thus, all of the claims relating to the underlying securities fraud action have been resolved.  Three claims remain pending in this action: (1) a cross-claim by Commissions Today against Alston & Bird and Thorneburg, which raises claims for malpractice and breach of contract; (2) a cross-claim by Alston & Bird and Thorneburg against Commissions Today, for an action on account, as well as claims for breach of contract and unjust enrichment; and (3) a cross-claim by Karl Wall against Alston & Bird & Thorneburg, which seeks recovery for violation of the North Carolina Unfair & Deceptive Trade Practices Act, malpractice and negligent misrepresentation.  All of these claims (involving primarily breach of contract and legal malpractice) are pure state law claims that did not arise from the original federal securities action.

The Court had federal question jurisdiction over this original action pursuant to 28 U.S.C. § 1331 and 1367(a), since the plaintiffs raised claims under section 10(b) of the Exchange Act, 15

---

[1] To the extent that the parties have asserted a contractual (as distinct from a common law) right to indemnity or contribution, those claims are purely state law claims, addressed in the balance of this Order.

U.S.C. § 78j(b) and Rule 10b-5, promulgated thereunder. The Court had supplemental jurisdiction over the third-party claim and the cross-claims pursuant to 28 U.S.C. § 1367(a). All of the currently pending cross-claims are state law claims over which the Court would not have had original jurisdiction. Since the Court had jurisdiction over those claims at the time the action was filed, however, the Court continues to have supplemental jurisdiction over these claims even after the main action has been dismissed. *See Baggett v. First Nat'l Bank*, 117 F.3d 1342, 1352 (11th Cir. 1997).

Since the main action has been dismissed, this Court must determine whether to continue to exercise supplemental jurisdiction over the pending state claims. 28 U.S.C. § 1367(c) governs the exercise of pendent jurisdiction over state claims after the main federal claim has been dismissed. That section provides:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Subsection (c)(3) of that section provides that a district court has discretion to determine whether to exercise supplemental jurisdiction, where all pending claims over which the Court

has original jurisdiction have been dismissed. In fact, dismissal of state law claims over which the Court has supplemental jurisdiction is the usual course where all federal claims in the action have been dismissed before trial. *See Brandenburg v. Hous. Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001)("the usual course is for the district court to dismiss the state-law claims without prejudice if all federal claims are disposed of on summary judgment.")

Although this case has been pending in federal court for over a year, the status of the state law claims is such that dismissal of those claims is appropriate. First, none of the remaining parties to this action is a citizen of Ohio. Alston & Bird is a citizen of Georgia, and the remaining parties are citizens of North Carolina. In fact, all of the remaining claims in this case are claims for which this Court would not have had personal jurisdiction over either of the defendants. Moreover, with respect to the state law claims currently pending, venue would not have been appropriate in this Court in the absence of the original federal action. Second, since the parties and the Court have focused their settlement efforts on resolving the federal securities claims, the state law claims have not been significantly developed, and no trial date has been set for those claims.

Finally, the state claims in this action require the interpretation of North Carolina law and, at the present time, there is already at least one action pending in North Carolina. Thus, the Court finds that requiring the state law claims in this action to be litigated in North Carolina would further the interests of justice by minimizing inconvenience to the parties and avoiding waste of judicial resources.

Accordingly, the Court declines to exercise supplemental jurisdiction over the pending state

claims.  Those claims are <u>dismissed without prejudice</u>.[2]

**IT IS SO ORDERED.**

                <u>**s/Kathleen M. O'Malley**   </u>
                **KATHLEEN McDONALD O'MALLEY**
                **UNITED STATES DISTRICT JUDGE**

---

[2]There are a number of motions pending in this action.  To the extent that they were filed by the plaintiffs or Alston & Bird, those motions are moot by virtue of this Order.  To the extent those motions were filed by other parties, they are more appropriately addressed by the state court and are hereby terminated.